UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE ROBINSON,

        Petitioner,

Case No. 2:10-12206

HONORABLE PAUL D. BORMAN
v.                                    UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

        Respondent.

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Terence Robinson ("petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  In his *pro se* application, petitioner challenges his convictions and sentences for two counts of first-degree criminal sexual conduct.  For the reasons stated below, the application for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

## I.  BACKGROUND

Petitioner pled no contest to two counts of first-degree criminal sexual conduct (personal injury) (M.C.L.A. 750.520b) on June 26, 2007.  His trial counsel told the court that the reason for the no contest plea was that petitioner was intoxicated during the events forming the basis for his plea.

Prior to accepting the no contest plea, the Court engaged in the following colloquy with petitioner:

THE COURT:  Sir, can you tell me your name.

THE DEFENDANT:  Terrence Robinson.

THE COURT:  Mr. Robinson, how old are you?

THE DEFENDANT:  Forty-four.

THE COURT:  Can you read, write and understand the English language?

THE DEFENDANT:  Yes.

THE COURT:  Can you hear and understand me?

THE DEFENDANT:  Yes.

THE COURT:  Could you hear and understand your attorney?

THE DEFENDANT:  Yes.

THE COURT:  And are you satisfied with the advice of your attorney?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that the Court accepts the basis of a no contest plea and that you are pleading no contest to two counts of Criminal Sexual Conduct First Degree, which is a felony punishable up to life or any term of years in jail or prison?

THE DEFENDANT:  Yes.

THE COURT:  You're also pleading guilty to habitual third offense, which carries a maximum of life in jail or prison?

THE DEFENDANT:  Yes.

THE COURT:  And is it true on or about July 20, 1992 in Recorder's Court you were convicted of Second Degree Murder?

THE DEFENDANT:  Yes.

THE COURT:  Is it also true on or about November 25, 1980 in Recorder's Court you were convicted of Attempted Possession of Heroin with Intent to Deliver?

THE DEFENDANT:  Yes.

THE COURT:  Pursuant to People versus Cobb's, did you hear the statements that I made on the record regarding your sentence?

THE DEFENDANT:  Yes.

THE COURT:  Is the there a plea bargain?

MR. GOETZ:  There is not, your honor.

THE COURT:  Mr. Robinson, do you understand that you have a right to have your own lawyer represent you from start to finish, including trial, sentence and an application for appeal and the Court will appoint a lawyer for you if you cannot afford a lawyer of your own choice?  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you have a right to a trial by jury or by the Court without a jury if the prosecutor and the Court agree?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that throughout the trial you are presumed innocent until the prosecutor proves your guilt beyond a reasonable doubt?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you have a right to have all the witnesses against you appear at trial, to have a lawyer ask the witnesses questions and to have the Court order any witnesses you may have to appear at trial?

3

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you don't have to testify at trial, nobody can say anything about you not testifying or hold it against you?

THE DEFENDANT:  Yes.

THE COURT:  On the other hand, you have the right to testify at trial if you want to testify?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand if the Court accepts your plea, you will not have a trial of any kind, you will be giving up all these rights I have told you about and you will be giving up any claim that the plea was a result of promises and threats that were not disclosed to the Court and that it was not your choice to plead guilty?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand any appeal from the conviction and sentence following the guilty plea will be by application for leave to appeal and not by right?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand a plea of guilty means you have a conviction, the conviction could be used against you in the future?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand if you're currently on probation or parole, this plea could affect your probation or parole status?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Robinson, has anyone threatened you to get you to plead no contest?

THE DEFENDANT:  No.

THE COURT:  Is it your own choice to plead no contest?

THE DEFENDANT:  Yes.

THE COURT:  Factual basis?

MR. GOETZ: Your Honor, People would stipulate to the police report as a factual basis. That would reflect that on January 1st, 2007 in West Bloomfield, the Defendant and the victim was deaf were attending a common New Year's evening party.  At some point in time later on in the early evening -- late evening hours, early morning hours of the 1st, the Defendant had pushed the victim from behind causing her to fall down.  He then began to perform cunnilingus on her.  After that he had sexual penetration, intercourse against the Defendant's [sic] will causing, I believe, minor injuries associated with that type of offense. For the taking and the purposes of a plea, People are satisfied.

MR. ROSS:  Defense is satisfied.

THE COURT:  Court enters a no contest plea, finds it freely, voluntary and intelligently made. There exists a factual basis for it.

Plea Tr., June 26, 2007, p. 4-9.

Petitioner was sentenced on July 12, 2007 as a habitual offender to concurrent prison terms of 18 to 60 years for each conviction.

Petitioner filed a motion to set aside the plea through appointed appellate counsel. The trial court denied the motion. Petitioner then filed a delayed application for leave to appeal with the Michigan raising the following two claims:

I.  Defendant was denied his Ams. V and XIV rights of due process because entering a no-contest plea was inappropriate under the circumstance.

II. Defendant was deprived of his Am. VI right to effective assistance of counsel when counsel waived preliminary examination, advised a no-contest plea, promised a sentence not to exceed 5 years, and then failed to allocute [at the plea] or contest an award of restitution.

Petitioner's delayed application for leave to appeal was denied for lack of merit in the grounds presented. *People v. Robinson*, No. 283755 (Mich. App. Mar. 26, 2008), *lv. den.* 482 Mich. 896; 753 N.W. 2d 180 (2008).

Petitioner filed a *pro se* motion for relief from judgment with the trial court on October 27, 2008, raising the following two claims:

I.  The court must allow Defendant-Appellant to withdraw his plea of no contest where his trial counsel rendered ineffective assistance by failing to investigate his case as a whole and advise him to [plead] instead of presenting a defense that may have gotten him acquitted at trial.

2.  The court must remand Defendant-Appellant for resentencing where the trial court misscored Offense Variables 3 and 10, where the reason of the court's decision to his motion for relief were unsupported by the evidence.

The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal on the grounds that petitioner failed to meet his burden of establishing that he was entitled to relief under Mich. Ct. R. 6.508(D). *People v. Robinson*, No. 290563 (Mich. App. May 15, 2009). Petitioner did not appeal this decision to the Michigan Supreme Court.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

6

I.      The court's acceptance of the no contest plea was inappropriate and denied due process.

II.     Ineffective assistance of counsel for waiving preliminary exam, advising no contest plea, promising 5 year sentence, and failing to allocute or contest restitution.

III.    Ineffective assistance of counsel for failure to investigate.

IV.     The trial court misscored petitioner's guidelines.

## II.   STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III.  ANALYSIS

### A.  Claim # 1.  The acceptance of no contest plea denied due process claim.

Petitioner's first habeas claim asserts that the trial court denied him due process by accepting petitioner's no contest plea.  Petitioner argues that the trial court failed to comply with Mich. Ct. R. 6.302, which governs pleas of guilty and no contest in Michigan criminal trials, because the trial judge did not state on the record why a plea of no contest was appropriate.  Petitioner argues that due process required a plea proceeding in which he would be required to testify and set forth his side of the facts, which, petitioner argues, would have demonstrated a valid defense of consent to the criminal sexual conduct charges.  In support of this argument, petitioner submits police reports from witnesses who stated that they were aware of sexual activity between the petitioner and complainant but did not realize that it was non-consensual, and from a witness who stated that he had sexual contact with the complainant earlier in the evening.

When a criminal defendant enters a guilty or no contest plea, the state has the burden of showing that the plea was voluntary, intelligent and knowing.  *Boykin v. Alabama*, 395 U.S. 238 (1969).  "The voluntariness of [a defendant's] plea can be determined only by considering all of the relevant circumstances surrounding it."  *Brady v. United States*, 397 U.S. 742, 749 (1970).  When a petitioner challenges his plea in a federal habeas action, the state generally satisfies its burden by producing a transcript of the plea process.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  A state finding that the plea was proper is accorded a presumption of correctness. *Id.*; *see also* 28 U.S.C. §2254(e).

The federal constitution does not forbid no contest pleas. *North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (citing *Hudson v. United States*, 272 U.S. 451 (1926)). "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit to his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37.

Nor does the federal constitution require a factual basis for a guilty plea. While both Michigan state law and the Federal Rules of Criminal Procedure require a factual basis for a guilty or no contest plea, this requirement is imposed by statute, not the federal constitution. *See United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes") (citation omitted). Any claim that there was an insufficient factual basis for the plea is not cognizable in a habeas proceeding. *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010). And to the extent that Petitioner's claim is based on the failure of the trial court to comply with Michigan law governing no contest pleas, habeas relief is not available because claims based on state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner's assertion that the court's acceptance of his no contest plea denied him due process is also without merit. "There is nothing fundamentally unfair about not requiring the State to prove a case that a defendant, represented by counsel, knowingly, voluntarily, and intelligently says he does not contest." *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).

Petitioner claims that he pled guilty in reliance on a promise by his trial counsel that he would only serve a five year minimum sentence.  This allegation, however, is contradicted by petitioner's testimony at the plea hearing in which he denied that anyone had promised him anything beyond what was placed on the record at the plea hearing and acknowledged that the crimes he was pleading no contest to were felonies punishable by life in prison or any term of years.  Petitioner does not assert that the state trial court failed to engage in a proper plea colloquy.  A state trial court's proper, clear, and thorough plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

To the extent that petitioner asserts that there were representations made to him by his attorney that differed from his statements during the plea colloquy, these assertions do not justify habeas relief.  The Sixth Circuit has held, when addressing a petitioner's claim of a secret plea deal different than that acknowledged by the petitioner at the plea hearing:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners ... from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Baker*, 781 F.2d at 90.

*Ramos,* 170 F.3d at 566.  Accordingly, petitioner's allegations of off the record representations of his sentence by his trial counsel were also reasonably rejected by the trial court.

Petitioner is not entitled to habeas relief on his first claim.

**B.    Claim #2: Ineffective assistance of counsel**

Petitioner's second habeas claim asserts that his trial counsel was constitutionally ineffective because he erroneously advised petitioner to waive a preliminary exam, failed to do any pre-trial investigation, failed to use expert testimony, failed to make necessary objections concerning offense variables 3 and 10, and failed to move in the trial court for specific performance of a five year plea bargain that petitioner contends was promised.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense, which means that the errors were so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To demonstrate constitutionally deficient performance, a habeas petitioner must show that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A petitioner must identify those acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance on the part of counsel. *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To demonstrate prejudice, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

11

have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.*  In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty (or no contest) plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).  An assessment of whether a defendant would have gone to trial but for counsel's errors depends largely on whether the claimed defense likely would have succeeded at trial. *Hill*, 474 U.S. at 59. The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Hodges v. Colson*, 711 F.3d 589, 610-11 (6th Cir. 2013).

Petitioner raised this claim of ineffective assistance of counsel in his motion to withdraw his plea.  The trial court denied the claim on the record as follows:

> Court also rejects defendant's claim that he was denied effective assistance of counsel when his trial attorney waived the preliminary examination, promised a sentence that was much shorter than the defendant actually received and failed to argue for a shorter sentence at sentencing hearing.

> First, defendant offers no reason to believe that a preliminary examination would have in fact helped the defendant defend the charges.

> Moreover, it is clear from the record that defendant was advised of the consequences of his plea before he gave it, including the fact that his sentence could be substantially longer than five years.

> Finally, defense counsel conceded that the PSIR was correct and, therefore, there was no basis for the type of allocution defendant now claims his attorney should have made.

Nor is there any basis for an ineffective assistance finding based on the amount of restitution ordered. There were representations at sentencing that the victim incurred $1,675 in medical bills as a result of the attack, and defendant made no objection to this assertion at the time. Nor does the current motion contain any basis for doubting that assertion.

Therefore, defendant is not entitled to relief on this basis and the motion is denied.

Motion Hrg. Tr. 4-6 (Jan. 30, 2008).

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Robinson*, No. 283755 (Mich. App. Mar. 26, 2008), *lv. den.* 482 Mich. 896; 753 N.W. 2d 180 (2008)  Because the state court rejected petitioner's ineffective assistance of counsel claim on the merits, the limitations imposed by §2254(d) apply. Therefore, review of counsel's actions is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 788 (2011).

Applying this standard, it is clear that petitioner fails to carry his burden of showing that the Michigan courts unreasonably applied *Strickland*. The test requires the Court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner has not rebutted the presumption that counsel's waiver of the preliminary examination was reasonable trial strategy, or established that it prejudiced his defense.

As to petitioner's assertion that he pled no contest because his attorney led him to believe that he would get no more than a five year sentence, that assertion is contradicted by

the record of both the plea hearing and sentencing. Petitioner acknowledged at the plea hearing that he was aware that the court could sentence him to any term of years or life for his convictions for criminal sexual conduct. See Plea Hrg. Tr. at 5 (June 26, 2007). At the sentencing hearing, prior to the court imposing sentence, petitioner told the court that "if you decide to give me another 15 to 20 [year sentence], there's no need for me to come home because I really don't have anything to live for." Sentencing Hrg. Tr. at 8-9 (July 12, 2007). Furthermore, at sentencing, defense counsel noted that the guidelines were 126 to 315 months for the minimum sentence and asked the court to stay within that range. *Id.* at 8. Petitioner addressed the court after counsel made this statement and made no mention of any understanding that the minimum would be five years. *Id.* at 8-9. Defendant acknowledged that he understood the guidelines in the matter, and that the court had no option but to send him to prison. *Id.* at 9. Petitioner did not say anything when he was sentenced to 18 to 60 years. The trial court found that "defendant was advised of the consequences of his plea before he gave it, including the fact that his sentence could be substantially longer than five years." This factual finding is presumed correct, and petitioner's assertion of a secret deal does not constitute "clear and convincing evidence" sufficient to rebut that presumption. See 28 U.S.C. §2254(e)(1).

Petitioner has also failed to establish that the trial court was unreasonable in holding that he failed to establish that his counsel was ineffective for failing to allocute at sentencing or for challenging the amount of restitution.

Even assuming that counsel was deficient, petitioner is unable to show that he was prejudiced by counsel's deficiencies regarding the advice to plead no contest. Petitioner has

failed to show a reasonable probability that he would not have pleaded no contest if not for his counsel's alleged deficient representation, or that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. He stated during his sentencing the sentencing hearing that "things do happen in life and I'm not blaming nobody but myself"and "I'm not a bad person. It's just at that particular time we was drinking and things just got out of hand." Sentencing Tr., July 12, 2007 at 8-9. The record of both the plea and the sentencing contains nothing that would suggest petitioner was unwilling to plead no contest.

Petitioner has not sustained his burden of demonstrating that the Michigan court's denial of his ineffective assistance of counsel claim was an unreasonable application of clearly established federal law. He is not entitled to habeas relief for his second claim.

## C.   Claims #3 and #4: Ineffective Assistance of Counsel, Inaccurate Sentence

Petitioner's third habeas claim asserts that petitioner is entitled to withdraw his no contest plea because his attorney failed to investigate his case and advised him to plead no contest. Petitioner's fourth habeas claim asserts that petitioner's sentence must be vacated because the trial court failed to correctly score his guidelines and his trial counsel was ineffective for failing to object to the misscoring. The Court will deal with these two claims together because respondent asserts that both claims are procedurally defaulted because they were raised for the first time in petitioner's motion for relief from judgment, and petitioner failed to exhaust his claims by raising them in the Michigan Supreme Court.

A federal habeas court may not grant relief on federal constitutional claims that a petitioner has not first exhausted in state court. 28 U.S.C. §2254(b)(1). This requires that

the petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because petitioner failed to timely appeal to the Michigan Supreme Court, he has procedurally defaulted his third and fourth habeas claims. *See Clark v. Romanowski*, 427 F. App'x 348, 351 (6th Cir. 2012) (failure to timely appeal claims to Michigan Supreme Court results in procedural default of those claims). This Court may therefore only review these claims if petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Cause" under the cause and prejudice test "is something *external* to the petitioner ... that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis original). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an "extraordinary case," where a constitutional error has "probably resulted in the conviction of one who is actually innocent," a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 496 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, petitioner has offered no reasons for his failure to appeal his third and fourth claims to the Michigan Supreme Court. Because petitioner has not made any

meaningful attempt to establish cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; see *Williams v. Anderson*, 460 F.3d 789, 808 (6th Cir. 2006) (declining to waive default where petitioner fails to argue cause and prejudice). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. *Cf. Schlup*, 513 U.S. at 327 (fundamental miscarriage of justice exception requires new evidence in light of which no reasonable juror would have convicted). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's third or fourth claims on the merits. Petitioner is not entitled to habeas relief on his third or fourth claims.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. When it denies the petition on procedural grounds, the petitioner must demonstrate both that jurists of reason could find the petition states a valid

17

claim of the denial of a constitutional right and that it is debatable whether the district court was correct in its procedural ruling. *Id.*

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong

## IV.   CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability.

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2013.


s/Deborah Tofil
Case Manager